SUSAN J. CHASE *vs.* REDDINGTON J. KENNISTON and another.

Kennebec. Opinion June 2, 1884.

*Civil damage act. Intoxicating liquors. Amendment. Deposition. Stat.*
*1872, c. 63, § 4.*

In an action under the civil damage act, one count in the writ was as follows: "And the plaintiff further alleges that on the third day of October, 1880, and on divers other days in the month of said October, her said husband

bought of said defendants at their said store in Gardiner, one pint of intoxicating liquors, though they were forbidden by plaintiff so to sell, which her said husband then and there drank, and thereby became intoxicated, and in consequence thereof incapacitated to attend to business, and failed to provide plaintiff with means of support for a long time, to wit, one month, to plaintiff's great injury, and plaintiff was otherwise injured thereby." Before proceeding to trial the plaintiff was permitted to amend by adding the following specification: "And the plaintiff alleges that her said husband while so intoxicated, October 3, 1880, threw at her a cup, and hit, and beat, and bruised her with it; whereby plaintiff suffered great bodily harm and was put to great bodily and mental pain." *Held*, that the amendment did not introduce a new cause of action and was allowable.

Where a deponent, on objection by counsel, refuses to answer relevant and material questions put to him by opposite counsel, the deposition is not admissible in evidence.

A fair and correct construction of stat. 1872, c. 63, § 4, requires the plaintiff in an action based upon that statute to prove to the satisfaction of the jury by a preponderance of evidence, that the defendant caused or contributed to the intoxication of her husband in the manner stated in the statute, in some appreciable or essential degree.

ON EXCEPTIONS from superior court.

This is an action on the case brought under stat. 1872, c. 63, § 4, and generally known as the civil damage act. The writ was dated November 15, 1882. The verdict was for the plaintiff in the sum of seven hundred and two dollars, and the defendant alleged exceptions, which so far as considered, are sufficiently stated in the opinion.

*Loring Farr* and *Herbert M. Heath*, for the plaintiff, cited on the allowance of the amendment: *Haley* v. *Hobson*, 68 Maine, 167; *Smith* v. *Palmer*, 6 Cush. 513; *McGee* v. *McCann*, 69 Maine, 82; *Gilmore* v. *Mathews*, 67 Maine, 517; *Schneider* v. *Hosier*, 21 Ohio, 98; *Mulford* v. *Clewell*, 21 Ohio, 191; *Emory* v. *Addis*, 71 Ill. 273; Abbott's Trial Ev. 775.

The deposition of Chase was admissible. A deponent is a witness. *Bliss* v. *Shuman*, 47 Maine, 252. I find no authority of *nisi prius* practice to justify the striking out of relevant and material evidence already given, because a witness refuses to answer a subsequent question. The witness is in contempt, and the court may punish the recusant witness, but not punish the party. When the court has unlimited power (R. S., c. 82, § 91)

to punish the witness for the purpose of eliciting the whole truth: why suppress that which has been elicited?

The magistrate has the same power to coerce a witness. *Call* v. *Pike*, 68 Maine, 219. In taking the deposition he performs a part of the judicial functions of the court, and the court has no other justification in suppressing a deposition when formally presented, than it has for striking out the testimony of a witness when he steps from the stand. 1 Greenl. Ev. § 554; *Cooper* v. *Bakeman*, 33 Maine, 378; *Harris* v. *Brown*, 63 Maine, 52; *Stinson* v. *Walker*, 21 Maine, 215; *Hall* v. *Houghton*, 37 Maine, 413.

If it be said that the court under the law of practice and procedure has the power, unless prohibited by statute, to control witnesses and their testimony, we rejoin by stating, not by virtue of those fixed rules by which courts, as well as parties, are bound, and for the disregard of which exceptions lie, but within the discretionary power of the presiding justice to which exceptions do not lie. Spaulding's Practice.

Such seems to be the law in Massachusetts. *Cole* v. *Hall*, 131 Mass. 90; *Savage* v. *Birckhead*, 20 Pick. 172. But the statutes of Massachusetts differ from ours. The magistrate has not the authority there, that is given by our R. S., c. 107, § 29, to compel the witness to answer.

In this case the defendant waived all right to complain of the refusal of deponent to answer, because he continued the cross-examination. Otherwise it would be in his power if he elicited any evidence favorable to his side to put it in; if unfavorable to keep it out. *Com. Bank* v. *Union Bank*, 11 N. Y. 203; *Frazier* v. *Smith*, 10 Iowa, 591; *Alverson* v. *Bell*, 13 Iowa, 308; *Graydon* v. *Gaddis*, 20 Ind. 515; *Palmer* v. *Ins. Co.* 47 N. Y. Sup. Ct. 455.

Exceptions are taken to the reasons given by the presiding judge for admitting the deposition. They will not be sustained if the ruling is correct, though the reasons be incorrect. *Prescott* v. *Hobbs*, 30 Maine, 345; *Warren* v. *Walker*, 23 Maine, 453.

But the ruling and the reasons were both correct. Evidence that sales by persons not parties to the action contributed to

cause the intoxication is not competent even in mitigation. *Fountain* v. *Draper*, 49 Ind. 441; *Hackett* v. *Smelsley*, 77 Ill. 109; *Emory* v. *Addis*, 71 Ill. 273; 38 Iowa, 486; 133 Mass. 86; Abbott's Trial Ev. 782.

*Baker, Baker and Cornish*, and *L. Clay*, for the defendants, cited on the question of the amendment: *Chesley* v. *King*, 74 Maine, 170; *Annis* v. *Gilmore*, 47 Maine, 152; *Parkman* v. *Nutting*, 59 Maine, 398; *Ball* v. *Claflin*, 5 Pick. 303; 19 Pick. 517; *Milliken* v. *Whitehouse*, 49 Maine, 527.

Upon the admission of the Chase deposition, counsel cited: *Savage* v. *Birckhead*, 20 Pick. 167; *Robinson* v. *B. & M. R. R.* 7 Allen, 393; *Stratford* v. *Ames*, 8 Allen, 577; *Akers* v. *Demond*, 103 Mass. 318; *State* v. *Blake*, 25 Maine, 350; *Low* v. *Mitchell*, 18 Maine, 372; *State* v. *Wentworth*, 65 Maine, 234; 1 Greenl. Ev. § 451.

LIBBEY, J.   The defendants' first exception is to the allowance of the amendment to the third count in the plaintiff's writ. This count charged, in substance, that on the third day of October, 1880, her husband bought of the defendants one pint of intoxicating liquor which he drank and thereby became intoxicated, and in consequence thereof incapacitated to attend to business, and failed to provide the plaintiff means of support for one month, and that she "was thereby otherwise injured." The presiding judge allowed the plaintiff to amend by adding the following: "And the plaintiff alleges that her said husband, while so intoxicated, October 3, 1880, threw at her a cup, and hit her, and beat and bruised her with it, whereby the plaintiff suffered great bodily harm, and was put to great bodily and mental pain."

It is insisted by the counsel for the defendants that this amendment was not legally allowable, because it introduced a new cause of action, and new elements of damage.

We think it does not introduce a new cause of action, and that it was legally allowable. Under the statute upon which the action is based, the *cause* of action against the defendants is, that they caused or contributed to the intoxication of the plaintiff's husband, by selling him the intoxicating liquor, by reason of

which the plaintiff was damaged. Act of 1872, c. 63, § 4; *McGee* v. *McCann*, 69 Maine, 79. She set out in her declaration the damage to her means of support, and that she "was thereby otherwise injured." This last allegation is too general to authorize proof of her damages by the assault. The amendment is limited to the same specific tort of the defendants, set out in the original count, and authorized no proof of an assault by the husband, except from the same intoxication, and at the same time alleged. It introduced no new cause of action, but was merely a more specific allegation of the damages, resulting from the cause alleged, which were not before sufficiently specified. We think our conclusion is fully sustained by the following authorities : *Heath* v. *Whidden*, 24 Maine, 383 ; *Wilson* v. *Widenham*, 51 Maine, 566 ; *Clark* v. *Swift*, 3 Met. 390 ; *Haley* v. *Hobson*, 68 Maine, 167. There are strong reasons for the allowance of an amendment in cases like this. The plaintiff can maintain but one action for the same tort, unless it be a continuing tort, and if the court has no power to allow the amendment, the plaintiff must become nonsuit and commence anew, or prosecute the action to judgment, losing a part of the damages sustained.

The second ground of exception is to the admission of the deposition of John P. Chase, the plaintiff's husband, taken at her request. The objection to the deposition was, that the deponent, on cross examination by the defendants' counsel, refused to answer relevant and material questions, and thereby deprived the defendants of his knowledge of facts material to the issue. On cross examination several questions were put to the deponent which were objected to by the attorney for the plaintiff, and the deponent refused to answer them. Among them are the following : "Have you bought intoxicating liquors of any other person or persons in Kennebec county since June 1, 1879, except these defendants?" "Have you not accused other persons in Gardiner of selling you intoxicating liquors, since June 1, 1879." "Have you not demanded of other persons, besides the defendants, money to pay your fines upon the ground that they had sold you intoxicating liquors since June 1, 1879 ?"

These questions were relevant and material. They embraced

the period covered by the plaintiff's writ. They were material upon two issues. 1. Upon the fact of sales by the defendants, upon which the parties were at issue. If the husband had bought of. others about the time involved, it would tend to account for liquor used by him, and have some tendency to support the defendants in their denial of sales. 2. The parties were at issue upon the fact whether the defendants caused, or contributed to the husband's intoxication. If he had bought liquors of other parties, and used them, it was material upon this issue. The facts were peculiarly within the knowledge of the deponent. He was a willing witness. The plaintiff by objecting to the questions, at least suggested to the witness not to answer, and made no effort to have him answer. If the witness had answered the questions, his answers might have satisfied the jury that his intoxication on the occasion of the assault upon the plaintiff was caused by liquors bought of other parties. In a large degree the deposition upon material issues of fact, is *ex parte*. If the deponent had refused to answer any questions on cross examination, the defendants would be deprived of the privilege which the statute gives them, and the deposition would be clearly *ex parte* and inadmissible. It would not have the sanction of the oath taken by the deponent to testify to " the whole truth." We do not know where to draw the line between a refusal to answer any questions on cross examination, and a refusal to answer material questions relating to facts within the knowledge of the deponent. The rejection of the deposition could not have been a hardship to the plaintiff, for she had testified that her husband was well and at Gardiner, where he might have been called into court in a few hours. It should have been rejected. *Savage* v. *Birckhead*, 20 Pick. 167 ; *Robinson* v. *B. & W. R. R. Co.* 7 Allen, 393.

But if, as contended by the counsel for the plaintiff, the deposition was properly admitted and the refusal to answer should go to the credit of the deponent only, then we think the judge was in error in his charge to the jury in what he said to them upon this subject. The judge, after stating to the jury " that as to his (the deponent's) refusal to answer the question whether he

had procured intoxicating liquors elsewhere, during the time, or on or about the dates specified in the plaintiff's writ, it was not prejudicial to the defendants," used the following language : "Because under the statute, your attention has been specially called to it by counsel in their arguments, and you must have observed it, specially from the reading of the statute, if the defendants contributed *at all* to the intoxication by their intoxicating liquors sold to the husband of the plaintiff, they would be liable.   If then he had a pint of intoxicating liquors purchased of them in his possession, and drank one spoonful a day, and obtained enough elsewhere for the next three weeks to continue intoxicated all the time, the defendants would be liable during all those three weeks for that intoxication, although contributing only to the extent of a spoonful per day."   The degree of discredit which the jury might attach to the refusal to answer should depend largely upon the fact whether the question was pertinent and related to a matter material to the issue.   The judge was in error in saying to the jury that the refusal of the deponent to answer was not prejudicial to the defendants, and this assertion was calculated to influence the jury.   He was in error also in the reasons which he gave, as matter of law, for his opinion.   They contained a rule of law applicable to the case which we think unsound.   The statute gives a right of action to any person as therein specified, "against any person or persons who shall, by selling or giving any intoxicating liquors, or otherwise, have caused or contributed to the intoxication" of the person doing the injury.   Whether the defendants caused or contributed to the intoxication was a question of fact for the jury.   We think, under a fair construction of the statute, the plaintiff must satisfy the jury that the defendants contributed to the intoxication in some appreciable or essential degree.   It is not sufficient that the defendants added a drop to the pint that intoxicated, which in theory may have had the effect of "a drop in the bucket" to produce the result.   It is not well to set a jury to speculating on such a fine theory.   The court cannot, as matter of law, tell the jury that if the defendant furnishes a spoonful a day of the liquors used by the person who becomes

intoxicated and does the damage, he is liable. It is not a question of law but of fact, and the jury must determine it, from the evidence, in accordance with the meaning of the statute as we have construed it.

We do not deem it necessary to examine the other questions raised by the exceptions.

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN and HASKELL, JJ., concurred.